■ KATHERINE GARGIULO, Respondent, v ROBERT G. GARGIULO, Appellant.—Judgment insofar as appealed from unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: We agree with defendant husband's argument on appeal that the court's award of child support for his three children was excessive. We therefore reduce the amount ordered, retroactively to the date of the decree, to $50 per week per child until the oldest child is emancipated or turns 21; $60 per week per child until the middle child is emancipated or turns 21; and $70 per week per child until July 1, 1994, when the youngest child is expected to graduate from high school.

The judgment also provided that plaintiff would have exclusive occupancy of the marital residence, with defendant paying the mortgage, property taxes and homeowner's insurance until it is sold, at which time he will receive 65% of the sale proceeds and plaintiff will receive 35%. The court ordered that the sale of the house would occur on the happening of the earliest of the following events: the wife's death or remarriage, or the youngest child's graduation from high school or her eighteenth birthday.

We further modify the judgment by eliminating the alternative trigger of the youngest child's eighteenth birthday, and we order that, upon the sale of the house, child support for the youngest child is to increase to $150 per week until she is emancipated or turns 21.

We have examined defendant's remaining contentions on appeal and find none that requires reversal. (Appeal from judgment of Supreme Court, Erie County, Kane, J.—divorce.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.